<table>
<tr><td colspan="3">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I</td></tr>
<tr>
<td>NOHEMY RUEDA CELIS;<br>RAÚL MORALES DUCRET<br>Y LA SOCIEDAD LEGAL<br>DE GANANCIALES<br>COMPUESTA POR AMBOS<br><br>Parte Recurrida<br><br>v.<br><br>HOSPITAL ESPAÑOL<br>AUXILIO MUTUO DE<br>PUERTO RICO Y OTROS<br><br>Parte Peticionaria</td>
<td>TA2026CE00770</td>
<td>*Certiorari*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala<br>Superior de San<br>Juan<br><br>Civil núm.:<br>SJ2022CV00451<br><br>Sobre:<br>Daños y Perjuicios</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de junio de 2026.

Comparece la parte peticionaria, Hospital Español Auxilio Mutuo (Hospital Auxilio Mutuo o parte peticionaria), mediante recurso de *certiorari*, y solicita que revoquemos la *Resolución* emitida y notificada el 23 de abril de 2026 por el Tribunal de Primera Instancia, Sala de San Juan (TPI). Mediante el referido dictamen, el TPI declaró No Ha Lugar la solicitud de sentencia sumaria presentada por Auxilio Mutuo.

El 18 de junio de 2026, los recurridos presentaron *Oposición a la Expedición del Auto de Certiorari*.

Evaluados los alegatos de las partes, resolvemos denegar la expedición del auto de *certiorari*.

## I.    Trasfondo fáctico y procesal

El 24 de enero de 2022, la parte recurrida, Nohemy Rueda Celis (Rueda Celis), Raúl Morales Ducret (Morales Ducret) y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto,

los recurridos), instó una demanda[1] sobre daños y perjuicios por impericia médico-hospitalario en contra del Hospital Auxilio Mutuo, el Dr. Oscar Marrero Ortiz (Dr. Marrero), el Dr. Rafael Vicens Rodríguez y otros. En lo aquí pertinente, los recurridos alegaron que el 22 de septiembre de 2017, Rueda Celis visitó la Sala de Emergencia del Hospital donde fue atendida por el Dr. Marrero quien le ordenó un CT del cuadrante derecho inferior. De la lectura del CT Scan, efectuada por el Dr. Vicens, se reveló una lesión sospechosa, quiste y/o carcinoma del riñón. Rueda Celis alegó que no se le entregó copia del estudio ni fue informada de la existencia de un carcinoma y/o quiste; y que fue dada de alta con medicamentos para el dolor.

La recurrida expuso que, *dos años más tarde*, para el 8 de octubre de 2019, esta acudió nuevamente al Hospital Auxilio Mutuo con los mismos síntomas y que el CT realizado reflejó que dicha lesión, quiste o carcinoma había crecido considerablemente. La recurrida arguyó que, a partir de ese momento, fue que advino en conocimiento de la lectura del CT realizado en 2017. Como consecuencia de lo anterior, esta fue intervenida quirúrgicamente y perdió su riñón derecho.

Los recurridos esgrimieron que el Hospital Auxilio Mutuo respondía por los actos y omisiones negligentes de su personal médico, por estos no haberle informado ni brindado el tratamiento médico requerido para la lesión, quiste y/o carcinoma. Los emplazamientos se expidieron, *a solicitud de parte*, el 2 de febrero de 2022. El 12 de abril de 2022, el Hospital contestó la demanda[2].

---

[1] La demanda fue enmendada el 17 de noviembre de 2022 (Entrada 30) para presentar alegaciones de daños y perjuicios económicos, lucro cesante y/o pérdida de ingresos sufridos. El 21 de marzo de 2023, la recurrida solicitó enmendar nuevamente la demanda (Entrada 44) para incluir a la aseguradora del Dr. Marrero (Puerto Rico Medical Defense Insurance), a la aseguradora del Hospital (Triple S Propiedad).
[2] Entrada Núm. 11 SUMAC TPI.

Luego de varios trámites procesales, el 25 de mayo de 2022, el TPI emitió y notificó una *Sentencia Parcial* en la que desestimó, sin perjuicio, la causa de acción en cuanto al Dr. Marrero y Dr. Vicens, en virtud de la Regla 4.3(c) de Procedimiento Civil.[3]

Concluido el descubrimiento de prueba, el 15 de enero de 2026, el Hospital Auxilio Mutuo presentó una *Moción de Sentencia Sumaria*[4]. En resumen, el Hospital alegó que, ante el hecho de que la prueba pericial de la parte demandante le imputó responsabilidad únicamente a los doctores Marrero y Vicens, y que el TPI desestimó la demanda en cuanto a estos, dichas sentencias tuvieron el efecto de extinguir la causa de acción en contra de la institución hospitalaria.

Por su parte, el 29 de enero de 2026, los recurridos presentaron *Oposición a Solicitud de Sentencia Sumaria*[5]. En resumen, argumentaron que la responsabilidad directa del Hospital Auxilio Mutuo no podía resolverse como cuestión de derecho en esta etapa procesal. En ese sentido, explicaron que la paciente Rueda Celis entró a la institución hospitalaria directamente por la Sala de Emergencias, que el Hospital designó al médico tratante de la paciente y que la Sala de emergencias y radiología son servicios exclusivos en el Hospital y que fueron estos los que ocultaron el resultado del CT Scan original.

Añadieron que, la ausencia de una opinión pericial que impute negligencia institucional directa no extingue, como cuestión de derecho, la causa de acción solidaria y directa contra el Hospital Auxilio Mutuo.

---

[3] La recurrida solicitó reconsideración y que se le permitiera emplazar a los galenos mediante emplazamientos por edicto. Entrada Núm. 16 SUMAC-TPI. El TPI la declaró No Ha Lugar el 1 de junio de 2022 (Entrada Núm. 17 SUMAC TPI). Los recurridos no acudieron en revisión de dicha determinación.

[4] Entrada Núm. 149 SUMAC TPI. En apoyo de su escrito acompañó: Anejo 1-Informe Pericial del Dr. Lane Deyoe y Anejo 2-Transcripción de Deposición Dr. Lane Deyoe.

[5] Entrada Núm. 151 SUMAC TPI. No acompañó documentos en apoyo, hizo referencia al informe de conferencia entre abogados.

El 23 de abril de 2026, el TPI emitió y notificó la *Resolución* recurrida[6], en la que declaró No Ha Lugar la solicitud de sentencia sumaria presentada por el Hospital. El foro *a quo* emitió dieciséis (16) determinaciones de hecho y consignó seis (6) hechos en controversia. A la luz de estas, y en lo que nos atañe, el TPI determinó lo siguiente:

> Nuestro ordenamiento reconoce que la responsabilidad del hospital por los actos u omisiones de los facultativos que le fueron asignados a la paciente en la Sala de Emergencias no desaparece automáticamente por el solo hecho de que no exista una opinión pericial separada dirigida específicamente contra la institución.
> ....
> En ese contexto, lo jurídicamente determinante no es la ausencia de una imputación pericial autónoma contra el hospital, sino si la prueba presentada puede sostener que los actos u omisiones de los médicos que la institución puso a disposición de la paciente en su Sala de Emergencias fueron negligentes y guardan nexo causal con los daños alegados.

> En el caso de autos, surge de las determinaciones de hecho no controvertidas que Rueda Celis acudió a la Sala de Emergencias del Auxilio Mutuo.... Surge además que el perito de la parte demandante limitó sus señalamientos a dichos médicos y atribuyó a sus actuaciones u omisiones el retraso en diagnóstico y tratamiento que culminó con la pérdida del riñón derecho. Bajo estas circunstancias, de probarse en juicio que Marrero Ortiz y Vicens Rodríguez se apartaron de la buena práctica de la medicina y que ello causó los daños reclamados, podría activarse la responsabilidad del hospital por los actos u omisiones de los facultativos que le fueron asignados a la paciente en la Sala de Emergencias.

Inconforme, el 8 de mayo de 2026, el Hospital Auxilio Mutuo solicitó reconsideración[7] y los recurridos se opusieron el 14 de mayo de 2026[8]. El 15 de mayo de 2026, el TPI denegó la reconsideración[9].

En desacuerdo, el Hospital Auxilio Mutuo acude ante nos, y le imputa al TPI la comisión de los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al concluir que permanecen en controversia asuntos medulares que imposibilitan que se dicte sentencia sumaria.

---

[6] Entrada Núm. 153 SUMAC TPI.
[7] Entrada Núm. 154 SUMAC TPI.
[8] Entrada Núm. 156 SUMAC TPI.
[9] Entrada Núm. 158 SUMAC TPI

Erró el Tribunal de Primera Instancia al concluir que el Hospital Español Auxilio Mutuo podría responderle a la parte demandante por las actuaciones de los doctores Marrero y Vicens, aunque la causa de acción de la parte demandante esté prescrita en contra de ambos médicos.

## A. El *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[10]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V[11]. Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de

---

[10] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[11] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

conformidad con la Regla 52.1, *supra,* para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[12], se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra,* enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción[13].

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[14] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de

---

[12] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 2015 DPR ___ (2025).
[13] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[14] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

### B. Discreción Judicial

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[15] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[16]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera'".[17] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[18] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[19]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción

> […] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[20]

---

[15] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* supra, pág. 155.

[16] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

[17] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657–658 (1997).

[18] *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular,* supra.

[19] *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla,* supra, pág. 658.

[20] *SLG ZapataRivera v. J.F. Montalvo,* supra, citando a *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009)).

### III. Aplicación del Derecho a los Hechos

La Regla 52.1 de Procedimiento Civil, *supra,* nos faculta a expedir el auto de *certiorari* cuando se recurre de la denegatoria de una moción de carácter dispositivo, como lo es una moción de sentencia sumaria.[21] Sin embargo, la Regla 40 del Reglamento del Tribunal de Apelaciones[22], establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Así, este foro apelativo intervendrá con el ejercicio de la discreción del Tribunal de Primera Instancia solamente en aquellos asuntos en los que esté presente "un craso abuso de discreción o que el tribunal [hubiera actuado] con prejuicio y parcialidad, o que se [hubiera equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial."[23]  Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario[24]. Luego de examinar detenidamente el recurso ante nos, el alegato de los recurridos, así como los documentos que conforman el apéndice, a la luz de los criterios enmarcados en la Regla 40 de nuestro Reglamento[25], no identificamos razones que nos muevan a intervenir con el dictamen recurrido.

En resumen, un examen detenido del expediente apelativo y de los documentos que conforman el apéndice, vistos a la luz de la normativa que nos guía en el ejercicio revisor de la moción dispositiva, nos llevan a concluir que no se encuentran presentes elementos que justifiquen intervenir con el dictamen

---

[21] Entre las mociones de carácter dispositivo, cuya denegatoria por el foro primario permite el ejercicio de nuestra función revisora, se encuentran la moción de desestimación, de desistimiento, de sentencia sumaria o de sentencia por las alegaciones. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 594 (2011).
[22] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025).
[23] *Lluch v. España Service,* 117 DPR 729, 745 (1986).
[24] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[25] *Íd.*

recurrido. En ausencia de un craso abuso de discreción, evidencia de que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, no intervendremos con el dictamen del foro recurrido.

En consecuencia, declinamos ejercer nuestra discreción para atender el recurso y denegamos expedir el auto de *certiorari*.

## IV. Parte dispositiva

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos está conforme, además, por lo siguiente. Lo resuelto en *Maldonado Rivera v. Suárez y Otros*, 195 DPR 182 (2016), no es pertinente cuando, como ocurre aquí, se alega que una parte responde vicariamente por la negligencia de otra persona. Véase *Pérez Hernández v. Lares Medical Center, Inc.*, 207 DPR 965 (2021). En tal caso, el que la reclamación contra quien fue negligente haya prescrito no impide que se pueda reclamar a quien responde vicariamente por la otra persona. En el contexto de la responsabilidad vicaria, una parte demandante tiene derecho a escoger si reclama la totalidad del daño a quien fue negligente, a quien responde vicariamente, o a ambos. Ello a diferencia de la situación contemplada en *Maldonado Rivera,* donde se trataba de personas que eran co-causantes de un daño. Es en tal caso que, si ha prescrito la reclamación contra uno de los co-causantes, el perjudicado únicamente puede reclamar la porción de sus daños correspondiente al porciento de responsabilidad atribuible a los co-causantes contra quienes no haya prescrito la reclamación. Esta norma sería aplicable en este caso únicamente si el tribunal

eventualmente resolviera que el Hospital incurrió en negligencia propia y que, a la vez, el daño reclamado fue producto también de la negligencia de uno o más de los doctores demandados.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones